IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>     Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>     Defendant. | **8:25CV25**<br><br>**MEMORANDUM AND ORDER** |

Before the Court is a Complaint filed by non-prisoner Plaintiff Billy Tyler. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 8.

The Court now performs an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2), and, for the reasons set forth below, finds that it is.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against the Social Security Administration ("SSA") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 to 2680. Plaintiff's Complaint is fairly sparce, setting forth the following factual allegations, which were previously filed and denied by this Court in Case Number 4:23-CV-3099 (the "Prior Case"):

> We [are] seeking $500,000,000.00 damages from SSI for their violations of my due process and equal protection of law. In 2020 or so my wife retired and we given SSI money from my wife's retirement (at the time [Plaintiff] was receiving SSI) and our SSI reduced to $50.00 per month and retirement of 800 dollars or so[.]

> Social Security tried to take money they had given Plaintiff claiming that they had given Plaintiff too much money.
>
> During midst of appeal Defendant SSA stopped giving me my $50.00 per month before law judge had made his decision and we denied due process and equal protection (see annexed law judge decision). During appeal of overpayment law judge discovered that our 2007 appeal was deep sixed by Omaha office of SSA and for 16 years or so we denied due process and equal protection.
>
> We filed FTCA but government deep sixed our FTCA papers thereby denying us. The SSA (Omaha office of SSA) still has not ruled on our 2007, 2008, 2009 appeals or given us damages for violation of our rights.

*Compare* Filing No. 1 at 1–2 *with* Prior Case, Filing No. 1 at 1–3 (capitalization corrected).

> Plaintiff now adds the following allegations:
>
> We filed FTCA but defendants "deep sixed" FTCA papers thereby denovo/denovo again denying us due process and equal protection of law as guaranteed by the 5th and 14th Amendments. The defendants SSA and Omaha office of SSA has not ruled on our "2007," 2008-2009 appeals or given us our backpay-damages for violations of rights as is said not otherwise rules on our administrative appeal we filed. Since [Judge] Bataillon dismissed our suit 2 years ago (note: the 2-28-23 letter from defendant designating Kansas City office to process our appeal has not been honored in any way shape or form and Plaintiff has not heard from the Kansas City office of SSA.

Filing No. 1 at 2 (capitalization corrected).

Immediately following Plaintiff's Complaint is the same SSA decision dated December 1, 2022, signed by Mark Hokensmith, Administrative Law Judge, (the "Decision") that he attached to the complaint in the Prior Case. *Compare* Filing No. 1 at 7–13 *with* Prior Case, Filing No. 1 at 4–10. The Decision contained the following findings:

2

> Based on the waiver request filed, the overpayment amount of $3,263.00 is waived and the claimant is not liable pursuant to section 1631(b)(1)(A) of the Social Security Act. The component of the Social Security Administration responsible for administration of the overpayment, will advise the claimant regarding any adjustment of benefits or underpayments associated with the overpayment.
>
> In addition, the field office is asked to review the timely filed and still-pending status of the reconsideration request submitted by the claimant on August 10, 2007 (particularly in light of the implied request to reopen the April 2007 application upon subsequent favorable filing in October 2008 with the same alleged onset date). Further review is also requested regarding the erroneous denials that an appeal was pending upon inquiries by the claimant in February 2009 and April 2009. Upon completion of this review, the field office is to advise the claimant accordingly.

Filing No. 1 at 13.

Additionally, Plaintiff included the same letter he included in the Prior Case from the SSA dated February 28, 2023, following his Complaint and the Decision (the "SSA Letter"). *Compare* Filing No. 1 at 14 *with* Prior Case, Filing No. 1 at 12. The SSA Letter advises Plaintiff that the SSA is in receipt of Plaintiff's January 31, 2023, letter regarding his "favorable" hearing decision on his Supplemental Security Income record, that officials in the Kansas City office are able to respond to his concerns, and that he should receive a response soon. Filing No. 1 at 14. The contents of the January 31, 2023, letter remain unknown to this Court.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted,

3

or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

The Prior Case was dismissed for the following reasons: (1) the nature of Plaintiff's claim or claims were unclear, requiring dismissal under Federal Rule of Civil Procedure 8, and (2) the Court could not determine if Plaintiff's claims were exhausted as required. *See* Prior Case, Filing No. 20 at 4–6 (citing Federal Rule of Civil Procedure 8; 42 U.S.C. § 405(g); *McNeill v. United States,* 508 U.S. 106, 110–12 (1993) ("[T]he [FTCA] bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Califano v. Sanders*, 430 U.S. 99 (1977); *Sims v. Apfel*, 530 U.S. 103, 112 (2000)). Prior to dismissing the Prior Case, Plaintiff was given several

4

opportunities to amend his complaint to establish exhaustion of his claims. *See* Prior Case, Filing Nos 20 & 28. However, Plaintiff responded by stating that "we stand on Complaint as written," *see* Prior Case, Filing No. 29, which this Court construed as declining to amend and instead seeking to proceed under the original Complaint, resulting in the Prior Case's dismissal, Filing No. 30.

Nothing appears to have changed.

Liberally construed, Plaintiff still alleges that the SSA failed to rule on his Appeals, but it remains unclear whether his Appeals are exhausted as Plaintiff provides no evidence of his having done so. Instead, Plaintiff essentially argues that nothing has happened since the dismissal of the Prior Case.

Plaintiff does not claim that his appeals are exhausted due to an apparent lack of action by the SSA or that this Court otherwise has jurisdiction over this matter. Therefore, the Complaint is clearly insufficient as pleaded and summary dismissal is appropriate pursuant to 28 U.S.C. § 1915(e). However, on the Court's own motion, in lieu of dismissal, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently clarifies and describes his claims against the SSA. *Plaintiff should be mindful to clearly explain the nature of the claims at issue and facts establishing claim exhaustion which support this Court's jurisdiction.*

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims shall be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted including jurisdictional allegations. If Plaintiff fails to file an amended complaint, this matter will be dismissed without prejudice and without further notice.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2), in the event he files an amended complaint.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **June 16, 2025:** Check for amended complaint.

Dated this 15th day of May, 2025.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge